UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER SINCLAIR, | No.  2: 23-cv-1166 TLN KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GORDON D. SHABER, et al., | |
| Respondents. | |

Petitioner, prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis.  On July 18, 2023, the undersigned recommended dismissal of this action based on petitioner's failure to inform the court of his address change, as required by Local Rule 183(b).  (ECF No. 4.)

On August 10, 2023, petitioner filed a notice of change of address and motion for change of venue.[1]  (ECF No. 5.)  Accordingly, the July 18, 2023 findings and recommendations are vacated because petitioner informed the court of his current address.

The undersigned herein addresses petitioner's in forma pauperis application, the petition and petitioner's motion for change of venue.  (ECF Nos. 1, 2, 5.)  For the reasons stated herein, petitioner's application to proceed in forma pauperis is granted, petitioner's motion for change of venue is denied and the undersigned recommends dismissal of this action.

---

[1] When petitioner filed this action, he was incarcerated at the Sacramento County Jail.  Plaintiff now resides at Atascadero State Hospital.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

The undersigned first finds that petitioner's habeas petition is properly brought pursuant to 28 U.S.C. § 2241. Petitioner appears to be a pretrial detainee. Under 28 U.S.C. § 2241, district courts have jurisdiction to consider a habeas petition brought by a detainee. See McNeely v. Blanas, 336 F.3d 822, 824 & n.1 (9th Cir. 2003) (allowing a California pretrial detainee asserting a speedy trial claim to proceed under Section 2241).

In screening the habeas petition brought under 28 U.S.C. § 2241, the court applies the Rule 4 framework of the Rules Governing Section 2254 Cases in the United States District Courts. See 28 U.S.C. foll. § 2254, Rule 4; see also Id., Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). If it plainly appears from the petition, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, then the petition must be dismissed. Id., Rule 4.

In claim one, petitioner alleges a violation of his right to a speedy trial. (ECF No. 1 at 7.) In claim two, petitioner alleges a due process violation based on a "false made up mental health history…" (Id.) In claim three, petitioner alleges a violation of his right to be present during criminal proceedings. (Id.) In claim four, petitioner alleges that he was denied medical care while housed at the Sacramento County Jail. (Id. at 8.) The grounds of petitioner's claims are difficult to understand.

At the outset, the undersigned finds that claim four is not properly raised in this habeas corpus petition. Because claim four challenges conditions of confinement, claim four should be raised in a civil rights action pursuant to 42 U.S.C. § 1983. For these reasons, the undersigned recommends dismissal of claim four.

For the reasons stated herein, the undersigned recommends dismissal of claims one, two and three for petitioner's failure to exhaust state court remedies.

As a matter of comity, a federal court generally will not grant habeas relief to a state prisoner unless the petitioner has exhausted the available state judicial remedies on every ground

presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). To satisfy this requirement, the petitioner must "present his claim to the state supreme court even if that court's review is discretionary." Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999). Exhaustion requires that the petitioner "'fairly present' the substance of his claim to the state court." Id. at 887 (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). A claim has not been fairly presented unless the petitioner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard, 404 U.S. at 275-78.

"It appears to be an open question in the Ninth Circuit whether a pretrial detainee who seeks § 2241 relief must first exhaust his state remedies." Hawkins v. Kao, 2022 WL 17541033, at *4 (C.D. Cal. Oct. 20, 2022) (citing Deere v. Superior Court of Cal., 330 F. App'x 693, 694 (9th Cir. 2009)). "Nonetheless, even if exhaustion is not required as a 'jurisdictional prerequisite,' courts have, as a 'prudential matter,' required that 'habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241.'" Id. (quoting Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012)); see also Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011); Webster v. Baca, 2012 WL 3709004, at *3 (C.D. Cal. May 18, 2012), report and recommendation adopted, 2012 WL 3731509 (C.D. Cal. Aug. 27, 2012) ("Petitioner effectively sidestepped state appellate review of his [excessive bail] claim in order to get to this federal court. In light of the weighty abstention issues raised above, this Court should not reach out to consider Petitioner's ... contentions.").

In the petition, petitioner appears to contend that he previously raised claims one, two and three in the Commission on Judicial Performance. (ECF No. 1 at 3.) The petition indicates that petitioner did not present these claims to the California Supreme Court. (Id. at 3, 6, 7.) Based on petitioner's failure to present claims one, two and three to the California Supreme Court, the undersigned recommends dismissal of these claims for failure to exhaust state court remedies.

In the motion for change of venue, petitioner requests that this action be transferred to Los Angeles County. (ECF No. 5.) The grounds of this motion are unclear. Venue appears proper in this action based on petitioner's initial incarceration at the Sacramento County Jail and his claims

related to proceedings in the Sacramento County Superior Court.  Accordingly, petitioner's motion for change of venue is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The July 18, 2023 findings and recommendations (ECF No. 4) are vacated;
2. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted;
3. Petitioner's motion for change of venue (ECF No. 5) is denied; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 16, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sin1166.vac